

CONDON & FORSYTH, LLP
7 Times Square
New York, New York 10036
(212) 894-6778

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GB SHIPPING AND CHARTERING GMBH & CO.,

                           Plaintiff,

               - against –

ALANI SHIPPING COMPANY, LTD. and F.G.
HAWKES (WESTERN) LTD.,

                           Defendants.
----------------------------------------------------------------X

____ Civ. ____

**VERIFIED COMPLAINT
AND RULE B ATTACHMENT**

      Plaintiff GB SHIPPING AND CHARTERING GMBH & CO. ("GB"), by its attorneys, CONDON & FORSYTH, LLP, as and for its Verified Complaint against defendants ALANI SHIPPING COMPANY, LTD. ("Alani") and F.G. HAWKES (WESTERN) LTD. ("FG") (hereinafter collectively referred to as "Alani") alleges upon information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

      2.     Venue is proper under 28 U.S.C. § 1391 (d) because the defendants are aliens.

      3.     Plaintiff, GB, was and is now a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Leer, Germany, who was and now is the time charterer/disponent owner of the M/V MEDMICHIGAN, later renamed the M/V MICHIGAN TRADER, a 2008 built, multi-purpose cargo ship.

4. Upon information and belief, defendant Alani is a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Cyprus.

5. Upon information and belief, defendant FG is a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Swansea, United Kingdom.

### AS FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANTS

6. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

7. On 27 May 2008, in Hamburg, Alani entered into a time charter party with GB for the charter of the MICHIGAN TRADER, the terms and conditions of which are plead herein as if copied, *in extenso*. Alani's performance of the charter was guaranteed by FG.

8. The charter was for an estimated duration of 55-65 days and contemplated an intended schedule, without guarantee, from Lianyungang / Glasgow / Londonderry.

9. During the charter period, Alani contracted with Wired Bunkering PTE Ltd., a local agent, affiliate or trading partner of Bridge Oil Ltd., to obtain a quantity of bunkers that Wired Bunkering PTE Ltd. supplied to the MICHIGAN TRADER at the port of Singapore 24 June 2008.

10. Likewise, on 15 July 2008, Alani contracted with VEMAOIL Co. Ltd., a local agent, affiliate or trading partner of Bridge Oil Ltd., to obtain a quantity of bunkers that VEMAOIL Co. Ltd. supplied to the MICHIGAN TRADER at the port of Gibraltar.

11. Despite its several obligations to pay for the bunkers, to date, Alani has failed to pay Bridge Oil Ltd. or settle its accounts.

12. Bridge Oil Ltd. has asserted claims against the vessel and GB in the amount of $531,078.57 for Alani's failure to settle its accounts for the supply of bunkers to the vessel.

13. The time charter, specifically Rider Clause 98, provides in pertinent part that "[r]eplenishment of bunkers is arranged and paid for by the Charterers but always under their responsibility."

14. Although GB fulfilled all of its duties under the time charter, Alani has failed to fulfill its obligations under the time charter, and due to Alani's breach of maritime contract, GB has suffered damages in the amount of $531,075.57, which, despite amicable demand, Alani, or FG as guarantor of Alani's performance, refuses to pay or otherwise secure GB's claim.

15. The charter provides that disputes arising under the charter shall be arbitrated in London, with English law to apply.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, GB expects to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim | $531,078.57 |
| B. | Two year's compounded interest | $ 54,435.55 |
| C. | Arbitrator's fees and expenses | $ 86,562.80 |
| D. | Attorney's fees and expenses | $150,000.00 |
| | Total | **$822,076.92** |

## APPLICATION FOR ISSUANCE OF A RULE B ATTACHMENT

17. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

18. With respect to Alani, this is a Complaint, *in personam*, with a prayer for process and maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure, to which GB is entitled.

19. With respect to FG, this is a Complaint, *in personam*, with a prayer for process and maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure, to which GB is entitled.

20. After due investigation, Alani and FG cannot be found within this District within the meaning of Rule B of the Supplemental Rules, and GB has made a good faith effort to locate Alani and FG in this District. Upon information and belief, however, Alani and FG has or will have during the pendency of this action assets, comprising inter alia, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freight, sub-freights, charter hire and/or sub-charter hire, of belonging to, due or for the benefit of Alani and/or FG, or either of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court in the hands of garnishees, including but not limited to the Bank of New York Company, Inc., HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Calyon, BNP Paribas, Citibank, American Express Bank, J.P. Morgan Chase Bank National Association, UBS AG, Barclay's Bank, Credit Suisse, and/or Standard Chartered Bank, which assets are due and owing to GB.

21. GB is not seeking this attachment for the purpose of injuring or harassing defendants.

22. GB will be prejudiced in its recovery against defendants absent a process of attachment.

23. GB seeks an Order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching *inter alia*, any assets of Alani and FG, which may be found in this District, specifically those found and held by said garnishees, for the purposes of obtaining personal jurisdiction over Alani and FG, and/or to secure its claim(s) in arbitration.

**WHEREFORE**, Plaintiff, GB SHIPPING AND CHARTERING GMBH & CO., prays:

A. That due process according to the practice of this Court in admiralty jurisdiction be issued against the defendants ALANI SHIPPING COMPANY, LTD. and F.G. HAWKES (WESTERN) LTD., citing them to appear and answer under oath all matters alleged;

B. That since the defendants cannot be found within this District, pursuant to Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and as further requested in the attached Affidavit in Support of Prayer for Maritime Attachment, that this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment, attaching all tangible or intangible property in whatever form, including but not limited to cash, goods, chattels, credits, debts, wire transfers, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, bills of lading, effects, monies and debts, or any funds held by the aforementioned garnishees, including assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to the Bank of New York Company, Inc., HSBC (USA), Bank of America, Wachovia, Deutsche

Bank, Calyon, BNP Paribas, Citibank, American Express Bank, J.P. Morgan Chase Bank National Association, UBS AG, Barclay's Bank, Credit Suisse, and/or Standard Chartered Bank, which are believed to be due and owing to the plaintiff in the amount of US $822,076.92 to satisfy and/or secure plaintiff's claims;

That any person claiming an interest in the same, be cited to appear and, pursuant to Rule B, answer the matters alleged in this Complaint;

That this Court maintain jurisdiction over this matter through the entry of judgment or award, for any current claims, or those which may arise in the future, including any appeals; and

That judgment be granted in favor of plaintiff and that this Court award any other equitable relief that this Court deems fit, including costs, interest and reasonable attorneys' fees.

Dated: New York, New York
August 12, 2008

CONDON & FORSYTH LLP

By: _____
Lili F. Beneda (LB 1879)
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 894-6778
Facsimile: (212) 597-6721

## VERIFICATION

Lili F. Beneda declares and states that she is an associate in the law firm of Condon & Forsyth, LLP, attorneys for plaintiff in this action, and that the foregoing Verified Complaint is true to the best of her information and belief; that the ground of her belief as to all matters not stated upon knowledge is information furnished to her to by Plaintiff and; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation none of whose officers or directors are present within the District.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2008

_____
Lili F. Beneda