Judge Pauley

CONDON & FORSYTH, LLP
7 Times Square
New York, New York 10036
(212) 894-6778

08 CIV 7166

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GB SHIPPING AND CHARTERING GMBH & CO.,

                      ____ Civ. ____

                  Plaintiff,

                  - against -                 **AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT**

ALANI SHIPPING COMPANY, LTD. AND F.G.
HAWKES (WESTERN) LTD.,

                  Defendants.
-----------------------------------------------------------X

       LILI F. BENEDA, having been duly sworn, deposes and states the following under oath:

1.    I am a member in good standing of the Bar of this Court, which represents the Plaintiff, GB SHIPPING AND CHARTERING GMBH & CO. ("GB") in this matter, and am fully familiar with the facts of this case and make this affidavit in support of GB's prayer for the issuance of a Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

2.    I have made a good faith investigation and attempted to locate the Defendants ALANI SHIPPING COMPANY, LTD. ("Alani") and F.G. HAWKES (WESTERN) LTD. ("FG") and/or their representatives within this District. In

part of this investigation, I reviewed the telephone company information directory maintained on the World Wide Web or Internet, as well as the white and yellow pages online to determine if there were any listings for the Defendants in any of the counties within this District (e.g., Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan and Westchester) and did not find any listing for the Defendants. Finally, I reviewed online information for the Department of State for the State of New York, which did not contain any listing for a company with the Defendants' names, or any similar names, with a presence within the Southern District of New York.

3. It is my belief that the Defendants cannot be found within this District under the meaning of Supplemental Rule B;

4. Upon information and belief, the Defendants Alani and FS have, or will have, during the pendency of this litigation, tangible or intangible property found within this District, and under the control of the Bank of New York Company, Inc., HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Calyon, BNP Paribas, Citibank, American Express Bank, J.P. Morgan Chase Bank National Association, UBS AG, Barclay's Bank, Credit Suisse and/or Standard Chartered Bank;

5. This is GB's first request for relief made to any Court, and this request will serve to obtain jurisdiction and secure judgments or arbitral awards;

6. GB also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Lili F. Beneda, or any partner, associate, paralegal, or any other agent of Condon Forsyth LLP to serve the Process of

Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishees, as well as any garnishees, who, based upon information and belief may hold assets of, for, or on behalf of the Defendants;

7. GB is desirous of serving the Process of Attachment and Garnishment on the garnishees with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment/arbitral award that may ultimately be entered by GB against the Defendants;

8. To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the United States Marshal Service, as it simply involves delivery of process to the respective garnishees;

9. GB also requests that the Court grant it leave to serve any additional garnishees who may be discovered in the course of this litigation to be holding property of the Defendants within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of process without the need to return to the Court for permission to amend the process simply to name other garnishees; and

10. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, GB seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served up and through the end of the next business day, providing service is made the next business day, and

further authorizing service by facsimile or email following initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated within or without this District.

Dated:   New York City, New York
         August 12, 2008

_____
Lili F. Beneda

Sworn to and subscribed before me this
12th day of August 2008

_____

Timothy H Eskridge
Notary Public State of N.Y.
02ES6121835
Qualified in New York County
Commission Expires January 31 2009